■ GARDEN HOMES WOODLANDS COMPANY, Appellant, v TOWN OF DOVER, Respondent, et al., Defendant. [697 NYS2d 346] —In an action for a judgment declaring, *inter alia,* that the 1996 special assessment imposed by the defendants' joint road improvement district was unconstitutional, the plaintiff appeals from so much of an order of the Supreme Court, Dutchess County (Bellantoni, J.), dated January 5, 1999, as, upon reargument, adhered to its prior determination in an order dated September 10, 1998, denying that branch of the plaintiff's motion which was for summary judgment on the complaint against the defendant Town of Dover and granting the cross motion of the defendant Town of Dover for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of an appropriate judgment.

In 1995 and 1996, the defendants, the Town of Dover and the Town of Beekman, imposed special assessments to fund improvements to certain roads in the Pawling Lake Estates Joint Improvement Area. The Town of Dover gave notice of a hearing to contest the proposed special assessment by several publications in a local newspaper pursuant to Town Law § 239. The plaintiff contends that this notice was insufficient to satisfy the requirements of due process. We disagree. The plaintiff has failed to demonstrate that the mere adoption of an assessment roll is the type of proceeding which will substantially affect an individual owner's property interest so as to require actual notice prior to the adoption thereof (*see generally, Matter of McCann v Scaduto,* 71 NY2d 164, 174-176).

We note that since this is a declaratory judgment action, a judgment must be entered declaring the parties' rights in accordance with the orders of the Supreme Court and this determination (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). S. Miller, J. P., Santucci, Krausman and Florio, JJ., concur.